Our sixth and final case is Portee v. United States. Ms. McClure. May it please the Court. My name is Alyssa McClure. I'm a recent graduate of the University of Notre Dame Law School. Under the direct supervision of Attorney Robert Palmer, I represent the appellant, Mr. Daniel Portee. All right. Well, Judge Mannion, we're particularly proud that there's a Notre Dame student arguing today. The district court granted a certificate of appealability as to whether Mr. Portee's underlying convictions have as an element the use, attempted use, or threatened use of physical force such that they qualify as violent felonies under the Armed Career Criminal Act. The district court erred in qualifying three of Mr. Portee's underlying convictions as violent felonies. Reversal of just one such qualification requires finding that Mr. Portee's sentence enhancement was unconstitutional. For the purpose of time, I will focus on the Indiana pointing a firearm conviction. Under the Indiana pointing a firearm statute, any threat communicated by the act of pointing a firearm at another is a consequence and not an element of the offense, and therefore fails under ACCA's required elemental analysis. The Supreme Court in Taylor v. United States and DeKalb v. United States laid out a mandatory categorical approach for courts to follow when analyzing whether an offense qualifies as a predicate offense under ACCA. This requires courts to look only at the plain elemental language of a statute and may not permit courts to inquire into the defendant's underlying particularized conduct, particularly the least culpable conduct under a statute must have as an element the use, attempted use, or threatened use of physical force for the offense to qualify as a violent felony. If it is possible to be convicted under the statute for conduct which does not have as an element the use, attempted use, or threatened use of physical force, the statute may not be deemed a violent felony. There are three discrete elements to the Indiana pointing a firearm statute. They are knowingly or intentionally pointing a firearm at another. These are the only three elements that this court can consider in analyzing whether this statute qualifies as a violent felony under ACCA. Any threat or communication of a threat under this statute by pointing a firearm is extraneous and is not an element of this statute that this court need consider. The Supreme Court in Mathis, United States defined elements as what is required by the prosecution to prove for conviction and what a jury must find beyond a reasonable doubt. The jury or the court is not required to find that any threat was present for a conviction under pointing a firearm. Similarly, any danger inherent in the act of pointing a firearm at another is also irrelevant to the ACCA analysis because it is not an element of the offense. In this case, Indiana case law reveals it is possible to be convicted under the Indiana pointing a firearm statute for conduct which does not necessarily encompass the use, attempted use, or threatened use of physical force, particularly the act of waving a firearm. The Indiana court in United States v. Jeans defined waving as to move up and down or back and forth and that one such motion would suffice to constitute waving. Both the court in United States v. Jeans and the court in Brown v. State said that it was possible for the conduct of waving to qualify as a conviction under the Indiana pointing a firearm statute. Review of the fact that these cases indicates that it is not necessarily true that waving encompasses the use, attempted use, or threatened use of physical force without inquiring into the defendant's underlying particularized conduct which is forbidden under the categorical approach. The Tenth Circuit's interpretation of the Oklahoma felony pointing a firearm statute is an example of how this court should treat the Indiana pointing a firearm statute. The Tenth Circuit interpreted the Oklahoma felony pointing a firearm statute as to not qualify under ACCA because it was possible, based on the statute's drafting, to be convicted under the statute for conduct which did not encompass the use, attempted use, or threatened use of physical force, particularly the Oklahoma statute permitted conviction where the individual pointed a firearm for the purpose of whimsy, humor, or in prank, in anger, or otherwise. The court held that because it was possible to do these acts without the use, attempted use, or threatened use of physical force, the statute could not categorically be deemed a violent felony under ACCA. Similarly, because Indiana case law reveals that it is possible to be convicted under the Indiana statute for conduct which may not necessarily encompass the use, attempted use, or threatened use of physical force, the Indiana statute may not categorically be deemed a violent felony. Your Honors, what is important in the ACCA analysis is the elements of the offense, and here the Indiana pointing a firearm statute has three discrete elements. Those three elements are the only elements which need to be considered. Any risks or consequences of the act of pointing a firearm are not elements of those offense and cannot be considered when examining whether the statute qualifies under ACCA. If your Honors have no further questions, we rest on our briefs as to the other two issues. Thank you. Thank you, Ms. McClure. Mr. Whalen. Good morning, Your Honors. I'm sorry, good afternoon, Your Honors, may it please the court. Nathaniel Whalen here on behalf of the United States. This court has recently decided that firearm law and Indiana robbery both qualify as felonies under the Armed Career Criminologics Elements Clause, so unless this court has any questions on those, we'd rest on our briefs on those two issues. That gives two of the necessary three predicates to find Mr. Portease an armed career criminal. We think he actually has four. I'm going to start with the intimidation statute, Your Honors, because that's the one that we actually see more often at the district court level, and Mr. Portease has taken the position that this court's decision in Ellis decides this case. The Indiana intimidation statute is an interesting one to interpret. Both parties agree that it's a divisible statute, and what Ellis was convicted of was making a threat against someone who's a law enforcement officer. That's what elevated it to a Class D felony. The intimidation statute defines threat to include reputational and property harms as well, so this court in Ellis said that doesn't involve the threat and use of force against another. It doesn't qualify under the Elements Clause. Portease was convicted of a different part of the intimidation statute. Specifically, he was convicted of making a threat to commit a forcible felony. Forcible felony is defined elsewhere in the Indiana Code, specifically 3541.111, as a felony that involves the use or threat of force against a human being, or in which there's imminent danger of bodily injury to a human being. So the offense Mr. Portease was convicted of required that he made a threat to commit a felony that involves force or bodily injury. In Ellis, this court actually kind of hinted that if the statute, the intimidation statute, involved the threat of bodily injury, it would qualify. Well, Mr. Portease's conviction is that exact threat of bodily injury, and to her credit, Chief Judge Springman, who ruled against the government on that point in Portease, actually is reconsidered. She reconsidered in the Briner case, which we cite in our brief, and she acknowledged that it's the forcible felony aspect of it that narrows the definition of threat, and it's the forcible felony aspect that makes it a crime of violence or a violent felony under the Elements Clause. Unless this court has any questions on that, I'd quickly move to the pointing of firearms statute. Well, the court said that it did determine that intimidation does not qualify, is that right? That's correct, Your Honor. Okay, so we're left with the others, and your opponent mainly focuses on pointing. That's correct, Your Honor. Well, this court can affirm on any basis in the record, and so I don't think this court is bound by Chief Judge Springman's determination that intimidation doesn't qualify. This court can reconsider the issue anew and find that it does qualify, and we suggest that it does. We then have the two other felonies, which are Illinois attempted robbery and attempted robbery under Indiana law. Those are well settled in this circuit at this point. We think this court can affirm based on those three, but in terms of pointing a firearm, I think at this point, the categorical approach maybe has taken us a little astray from common sense. This court has found that discharging a firearm involves the use of force. It's found that touching someone with a firearm involves the use of force or threatened use of force. I don't think it's a small leap to then say pointing a firearm at someone involves the threat and use of force capable of causing bodily injury. I don't know why touching someone and then pulling the gun one inch away should be the difference between a violent felony and not a violent felony under the Armed Career Criminal Act. Yes, the elements under pointing a firearm statute in Indiana do not require the phrase force. They don't require the state to prove force, but when you are pointing a firearm at another individual, you are threatening them with force capable of causing bodily injury. That's just inherent in the offense itself. And so when you take the Indiana elements and you ask federally, does that qualify as a threat and use of force? The answer we submit is yes. And there are other courts that have reached similar conclusions with pointing firearm statutes, and we cited those in our brief. I think probably the most analogous is the Maid case out of the Eighth Circuit where they interpret an Iowa code that punishes intentionally pointing any firearm toward another. The Eighth Circuit had no problem concluding that involves the threat and use of force. It's very similar to the Indiana statute at issue here. Intentionally pointing? Intentionally pointing any firearm toward another. With no, that's it, no reason? That's correct, Your Honor. Somebody can't be, I don't want to be too hypothetical, making just a conversation and has a gun in their hand and talking about it, I don't know what, but I know we're trying to say just pointing. There could be other reasons other than threatening someone by pointing. That's all. I think that's what your opponent is trying to say. And I understand there could be hypotheticals out there. I mean, this case is different than the statute issued in the Tenth Circuit, which explicitly codified that it will convict if you use whimsy, humor, or prank. Right. Indiana doesn't have that. And this court should look at not just the theoretical possibility that Indiana is going to punish that waving, the kind of nonchalant pointing of a firearm at another, because Indiana has never punished it that way. And the Duenas case from the Supreme Court and the way this court's interpreted it says you have to look at a realistic probability of how Indiana is going to punish that statute. We just have to assume it's a threat? I don't think you have to assume that it's a threat. I think you can look at the fact that you are pointing a firearm at another individual knowingly and intentionally. I think inherent in that actual act is a threat in every instance. And that is the question at issue in this case, whether those elements involve the threat and use of force. Unless this court has any further questions on any of the four predicates, we would ask that you affirm the judgment below. Thank you. Thank you very much. Your Honor's two points. The district court below correctly found that intimidation does not qualify as a violent felony. It is true that Mr. Porti was convicted under a different subsection of the intimidation statute than the defendant in Ellis. However, this court in the Ellis case specifically stated that neither the language of the statute nor any other Indiana case law limits the application of the definition of threat defined in the statute to a particular subsection of the case. And therefore, it is Mr. Porti's contention that the definition of threat as defined in the statute in subsection C does apply to the intimidation conviction of a threat to commit a forcible felony. That definition of threat does include a threat to commit injury against a person or property. And so Judge Springman was correct in determining that it is possible under the statute to commit a forcible, a threat to commit a forcible felony against person or property. And therefore, one cannot categorically determine that the statute necessarily in every instance involves the use, attempted use, or threatened use of physical force. As to the pointing a firearm statute, discharging or touching examples that the government raised is not the same thing as pointing. The Supreme Court has said that the categorical approach is what controls in this realm, and that only the elements of the offense may be considered. And in this case, the elements of the offense are only knowingly or intentionally pointing a firearm at another person. This court cannot read additional elements into this offense, nor can it conclude in every case that it is implicit in these elements that there is a threat. Additionally, the case cited by the government, United States v. Maid, can be distinguished. That case involved an Iowa crime of assault for intentionally pointing any firearm toward another or displaying in a threatening manner any dangerous weapon toward another. And the court did conclude that both of the prongs satisfied the use of physical force under the sentencing guidelines definition by comparing the pointing to a Missouri statute, which stated that displaying a weapon before another in an angry or threatening manner satisfied ACCA. That is not the case in this statute. The statute states only knowingly or intentionally pointing a firearm at another person. Additionally, the court in Maid did not examine the underlying state law to determine whether it was possible to commit an offense which qualified under the statute in a manner that did not have the use, attempted use, or threatened use of physical force. If your honors have no further questions, we respectfully ask that this court find that Mr. Porte's sentence was unconstitutionally enhanced. I'd like to only explore one thing a little bit. If you completely isolate this, somebody's pointing a gun, and I use the hypothetical as when he's making a speech, a good demonstration of what a gun is and things like that, where there's not any crime being committed. Is there, would you still say that inadvertent pointing or just miscellaneous pointing is why this doesn't hold up under the ACCA? Yes, your honor. It is possible under the plain language of the statute to commit an offense, as the example you just used, which would qualify for conviction. Without examining the particularized conduct of the defendant, specifically in that example of demonstrating the use of a gun to someone else, which is not permitted under the categorical approach, it's impossible to determine whether or not, in every case, it would involve the use, attempted use, or threatened use of physical force. It's possible to have a charge of simply pointing without something surrounding it like, I don't want to go into a bank robbery, but a crime that would be charged. And I guess you would say if he's charged with a crime and in the process is pointing a gun, that would be different than when there isn't any charge, I guess. I just don't know when pointing would come up without a charge. That's all I'm saying. Your honor, if it is found that the defendant is pointing the weapon at someone else and has the requisite mens rea, then that does qualify as a charge under this offense. But there is, because this offense is defined very broadly, the Indiana statute is not narrow at all. It could encompass conduct which does not necessarily involve that requisite physical force. Thank you, your honors. Thank you. Thank you, Mr. McClure, Mr. Whalen, always. Thank you. Mr. Palmer, thank you again for bringing another able student here to represent the parties here. And we have the additional thanks of the court for the program that you bring to the court. The court will take the case under advisement and will stand in recess.